# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY ALAN KIEFFER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0016** (BOR Appeal No. 2047383)
(Claim No. 2011030197)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Alan Kieffer, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 7, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kieffer worked in the maintenance department for Alcan Rolled Products – Ravenswood, LLC. On February 15, 2011, Mr. Kieffer sought medical attention from Michael Witt, D.O., for pain in his left hip and back. At the time, he denied having experienced an acute injury. Mr. Kieffer then applied for workers' compensation benefits alleging that he had injured his left hip on February 13, 2011, while driving a fork truck. X-rays taken at Jackson General Hospital showed mild degenerative changes at L5-S1 but no compression fractures. Mr. Kieffer then came under the care of Donna Davis, D.O., who found that he had a severe lumbosacral strain, left radiculopathy, and left hip pain. She also completed a second workers' compensation

1

application on Mr. Kieffer's behalf, which stated that he injured his back while climbing in and out of a fork truck on February 14, 2011. On March 7, 2011, the claims administrator rejected the claim because the medical evidence did not substantiate an acute injury or an isolated event causing an injury. Following the rejection, Mr. Kieffer testified by deposition that he first began experiencing pain on February 13, 2011, and his pain had become severe on February 14, 2011. He attributed his pain to climbing in and out of his fork truck. He also stated that he felt an immediate onset of pain on February 14, 2011, when he hit a pot hole with his fork truck. On June 7, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 6, 2012, leading Mr. Kieffer to appeal.

The Office of Judges concluded that Mr. Kieffer did not suffer an injury in the course of and resulting from his employment. The Office of Judges determined that Mr. Kieffer had suffered pain while at work but that his condition was not caused by his work activities. The Office of Judges found that Mr. Kieffer had a history of low back pain and had sought treatment for this condition immediately prior to the alleged dates of the compensable injury. The Office of Judges also found that he had been diagnosed with an acute injury to the lumbar and sacroiliac regions immediately prior to the alleged date of injury. It further noted that the treatment records from Dr. Witt immediately following the alleged date of injury did not establish an acute injury or an isolated cause of injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record does not show that Mr. Kieffer suffered an injury in the course of and resulting from his employment. The record indicates that Mr. Kieffer was suffering from low back, hip, and leg pain immediately prior to the alleged date of injury. The initial treatment records following the alleged date of the injury also do not indicate that a work-related injury occurred. Mr. Kieffer may have experienced an onset of pain while at work, but he has not demonstrated that he suffered an injury as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2